**LAW OFFICE OF HELENA S. WISE**
Helena S. Wise, State Bar No. 91163
lawofficesofhelenasunnywise@earthlink.net
1907 W. Burbank Blvd., Suite 101
Burbank, CA 91506
Telephone: (818) 843-8086
Facsimile: (818) 843-7958

**LAW OFFICES OF GEORGE A. SHOHET**
**A PROFESSIONAL CORPORATION**
George A. Shohet, State Bar No. 112697
georgeshohet@gmail.com
245 Main Street, Suite 310
Venice, CA  90291-5216
Telephone: (310) 452-3176
Facsimile: (310) 452-2270

Attorneys for Plaintiff
Southern California Institute of Law

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTHERN CALIFORNIA INSTITUTE OF LAW, a California corporation,<br><br>        Plaintiff,<br><br>                vs.<br><br>ARCHIE "JOE" BIGGERS, individually and in his official capacity; et al.,<br><br>        Defendants. | CASE NO.: SACV13-193 JVS (RNBx)<br><br>Hon. James V. Selna<br><br>**EX PARTE APPLICATION TO FILE MEMORANDUM OF LAW IN SUPPORT OF SCIL'S MOTION FOR PRELIMINARY INJUNCTION IN EXCESS OF 25 PAGES**<br><br>**(Local Rules 7-19 and 11-16)** |

# EX PARTE APPLICATION

Plaintiff Southern California Institute of Law (SCIL), pursuant to Local Rules 7-9 and 11-6, is hereby seeking by Ex Parte Application leave to file a Memorandum of Law exceeding 25 pages, in support of its anticipated Motion for Preliminary Injunction which will seek to enjoin enforcement of Rules and Guidelines recently enacted and now being enforced by the Committee of Bar Examiners (CBE) that *retroactively* places an arbitrary and irrational emphasis upon General Bar Examination passage rates (GBX) of the *past* five years relative to future accreditation decisions involving California Law Schools (CALS). Simultaneously SCIL maintains that CBE is unconstitutionally infringing upon the free speech rights of SCIL and other CALS by requiring that a government message of Bar Passage rates, otherwise displayed on the State Bar's website, be published on a Law School's Website and in its Catalogue.

Because of the 25 page limitation, SCIL will be unable to adequately set forth the historical and contemporaneous facts leading up to CBE's actions against CALS in general and SCIL in particular, let alone adequately discuss extensive caselaw pertaining to the constitutional encroachments upon SCIL's First and Fourteenth Amendment rights, let alone the violations of 42 U.S.C. Section 1983, 1985 and 1988, as well as the Separation of Powers doctrine, all of which are implicated in the 48 page Complaint on file.

CBE's counsel, Michael von Lowenfeldt, has been notified of this Ex Parte Application. Attorney Lowenfeldt opposes the Application but is uncertain as to whether he will docket opposition to same.

## MEMORANDUM OF POINTS AND AUTHORITIES

Good cause exists for granting the requested relief.

SCIL's Complaint sets forth three Claims for Relief against the individual members of the CBE, with the first Claim focusing on the process leading up to and

CBE's ultimate decision to make a 40% Bar Passage rate the primary if not sole basis for accreditation decisions, effective January 1, 2013. The Second Claim focuses on CBE's requirement that California Law Schools (CALS) publicize the Bar Passage rates on their Websites and in their Catalogues. These Claims are fact intensive and must be fully addressed in SCIL's Memorandum of Law, not only because the community and SCIL's student body will suffer irreparably if injunctive relief does not issue, but also because CBE's actions were taken notwithstanding well reasoned dissent from retired Justice Elizabeth A. Baron; former State Bar President Tony Capozzi who also serves on the state Judicial Performance Commission; Loyola Law School Dean Emeritus Christopher May, and other Deans and Constitutional Law Professors.

The factual analysis will also show that George Leal, the Director of Educational Standards, railroaded Rule changes through in SCIL's opinion because Leal bore and bears animus towards SCIL and its Dean, Stanislaus Pullé, with all events transpiring after Dean Pullé raised meritorious issues about curriculum sequencing during a CBE Accreditation Inspection at SCIL in the Fall of 2010, much to Leal's chagrin. Shortly thereafter Leal unsuccessfully tried to ban Pullé as a Dean because Pullé was educated at Kings College in London, even though Pullé has taught at various ABA and CALS-accredited law schools and served as SCIL's Dean since its inception. Not long thereafter Leal issued SCIL's purportedly "unanimous" Final Inspection Report in September 2011, extending SCIL's accreditation but rescinding SCIL's curriculum sequencing waiver, with Pullé docketing a formal protest upon learning Leal failed to include dissent from Inspection Team Member, Dean Joseph Moless relative to the sequencing waiver which is critical to the livelihood of small law schools like SCIL.

Because of this extensive factual history involving SCIL and the history preceding and following adoption of the Rule Changes, including the procedures used by Leal to make Bar Passage rates the sole criteria for accreditation decisions,

SCIL will be precluded from adequately discussing the substantial caselaw pertinent to the first and second Claims for Relief and the relevant facts showing that injunctive relief is clearly warranted. Since this Court could also refer portions of this dispute to the Supreme Court of California, it is critical that an adequate record of operative facts and pertinent caselaw be provided.

Accordingly, SCIL respectfully requests an Order permitting Plaintiff to file a Memorandum of Law of not more than fifty pages.

**LOCAL RULE 7-19 DISCLOSURE:**

Counsel for Defendants can be reached as follows:

Michael van Lowenfeldt, Esq.

KERR & WAGSTAFFE

100 Spear Street, 18th Floor

San Francisco, CA 94105

Telephone Number: (415) 371-8500

FAX: (415) 371-0500


E-Mail: MVL@KERRWAGSTAFFE.COM


DATED: May 10, 2013                         LAW OFFICE OF HELENA S. WISE


                                            By:_____
                                                  HELENA S. WISE
                                            Attorney for SCIL

**PROOF OF SERVICE**

I, HELENA S. WISE, declare:

I am and was at the time of the service mentioned in this declaration, employed in the County of Los Angeles, California. I am over the age of 18 years and not a party to the within action. My business address is LAW OFFICES OF HELENA S. WISE, 1907 W. Burbank, Suite A, Burbank, CA 91506. On May 10, 2013, I served a copy of the following documents:

EX PARTE APPLICATION TO EXCEED PAGE LIMITATION

on the parties to this action addressed as follows:

| Attorney | Party(ies) Served | Method of Service |
|---|---|---|
| Michael Lowendfeldt, Esq. .<br>KERR & WAGSTAFFE<br>100 Spear Street, 18th Floor<br>San Francisco, California 94105<br><br>Telephone No. (415) 371-8500 | Counsel for Defendants | CM/ECF |

☒ (BY CM/ECF SYSTEM) I caused the above-referenced document(s) to be sent by electronic transmittal to the Clerk's Office using the CM/ECF System for filing which generated a Notice of Electronic Filing to the CM/ECF registrants in this case.

I declare that I am a member of the bar of this court. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and this declaration was executed on May 10, 2013 at Burbank, California.

/s/ _____
HELENA S. WISE