UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-193 JVS (RNBx) | Date | June 14, 2013 |
| Title | Southern California Institute of Law v. Archie "Joe" Biggers, et al. | | |

| | |
|---|---|
| Present: The Honorable | James V. Selna |

| | |
|---|---|
| Ellen N. Matheson for Karla J. Tunis | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS)   **Order Denying Plaintiff's Motion For Preliminary Injunction**

    Plaintiff Southern California Institute of Law ("SCIL") moves for a preliminary injunction pursuant to Fed. R. Civ. P. 65 against Defendants, who are each current and former members of the California State Bar's Committee of Bar Examiners ("CBE") and are sued in their individual and official capacities. (Motion for Preliminary Injunction, Docket No. 22.). SCIL requests that the Court enjoin Defendants from enforcing, directly or indirectly, Guidelines 12.1 and 12.2 of the CBE's Guidelines for Accredited Law School Rules (first cause of action), and Guidelines 2.3(D)(i)–(ii) (second cause of action); and enjoin Defendants from requiring SCIL to offer biennial sequencing of upper division courses at its Santa Barbara campus (third cause of action). (Id.)

    Plaintiffs seeking a preliminary injunction must establish: (1) a likelihood of success on the merits, (2) the possibility of irreparable injury in the absence of preliminary relief, (3) the balance of equities favors the plaintiff, and (4) an injunction is in the public interest. Winter v. Nat'l Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see also Raich v. Ashcroft, 352 F.3d 1222, 1227 (9th Cir. 2003). In the Ninth Circuit, the Winter factors may be evaluated on a sliding scale: "serious questions going to the merits, and a balance of hardships that tips sharply toward the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134–35 (9th Cir. 2011). A preliminary injunction is an extraordinary and drastic remedy. Winter, 555 U.S. at 25. The grant or denial of a preliminary injunction is within the discretion of the trial court. Deckert v. Independence Shares Corp., 311 U.S. 282, 290 (1940). Additionally, the trial court need

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 13-193 JVS (RNBx)                    Date   June 14, 2013

Title   Southern California Institute of Law v. Archie "Joe" Biggers, et al.

not grant all relief sought by a movant and can modify its injunctive decree as needed for the particular case presented. See e.g., Maxam v. Lower Sioux Indian Cmty. of Minn., 829 F. Supp. 277, 284 (1993).

    Pursuant to the reasoning in the Order re: Defendants' Motion to Dismiss and on the present record, the Court finds that SCIL fails to establish "the possibility of irreparable injury in the absence of preliminary relief" on the first cause of action, or "a likelihood of success on the merits" on the first and third causes of action. The request as to the second cause of action, under the First Amendment, is moot because the Court has granted leave to replead.

    Accordingly, the Court **DENIES** SCIL's Motion for a Preliminary Injunction. The Court deems this matter appropriate for decision without oral argument and vacates the July 8, 2013, hearing. Fed. R. Civ. P. 78; L.R. 7-15.

: 00

Initials of Preparer   enm